**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAMIE HUDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-463-M |
| ) | |
| SEARS LIFE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is defendant Sears Life Insurance Company's ("Sears") Motion to Dismiss and/or Stay Plaintiff's Amended Complaint, filed August 15, 2011. On September 6, 2011, plaintiff filed her response, and on September 13, 2011, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

James R. Britt ("James") and Nita Britt ("Nita") married in 1974. At the time of their marriage, Nita had three children not fathered by James. Plaintiff, Jeanetta Scroggins,[1] and Chyrel Grantham are the natural children of James.[2]

In 1999, Nita died. On February 17, 2004, Sears issued a certificate of accidental death insurance to James, identified as policy no. 64497113. The policy was in the amount of $120,000.00.

On December 26, 2007, James died as the result of an accident. Sears paid approximately

---

[1]Jeanette Scroggins is now deceased.

[2]It is uncertain from the Complaint whether plaintiff, Jeanetta Scroggins, and Chyrel Grantham were children of both James and Nita or children of James prior to his relationship with Nita.

one-half of the insurance proceeds to plaintiff, Jeanetta Scroggins, and Chyrel Grantham and paid the remaining half to the three children not fathered by James.

On April 27, 2011, plaintiff filed her Complaint. On August 1, 2011, plaintiff filed her Amended Complaint for, *inter alia*, breach of contract and bad faith.

II.     Standard

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 1949 (internal quotations and citations omitted).

III.    Discussion

Sears contends that plaintiff has failed to state a claim upon which relief can be granted.

Sears also contends that plaintiff is required to join Chyrel Grantham and the estate of Jeanetta Scroggins.

    A.    <u>Interpretation of Insurance Policy Language</u>

Sears asserts that plaintiff's claims are predicated on whether Sears improperly paid insurance benefits to James' stepchildren. To that end, Sears moves to dismiss plaintiff's claims based upon the language of James' insurance policy.

"An insurance policy is a contract. The rules of construction and analysis applicable to contracts govern equally insurance policies." *May v. Mid-Century Ins. Co.*, 151 P.3d 132, 140 (Okla. 2006). "Parties to [an] insurance contract are at liberty to contract for insurance to cover such risks as they see fit and are bound by the terms of contract and courts will not undertake to rewrite terms thereof." *Dodson v. St. Paul Ins. Co.*, 812 P.2d 372, 376 (Okla. 1991).

Title 15 Oklahoma Statutes § 154 provides: "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve absurdity." Thus:

> The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning, unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed.

Okla. Stat. tit. 15, § 160. Here, the insurance policy provides that the accidental death benefits were to be paid to "your spouse, if living; otherwise equally to your living children, including stepchildren and adopted children, if any . . . ." [Complaint, ¶ 9.] The Court finds that the ordinary meaning of the term "stepchildren" should be used because neither party has asserted that James' insurance policy used the term "stepchildren" in a technical sense or with a special meaning. The Court notes

that a spouse's child from a previous partner comports with the ordinary meaning of stepchildren.[3] Based upon the ordinary meaning of stepchildren, Nita's natural children are considered James' stepchildren because they are Nita's children by a previous partner of Nita. Thus, the Court finds that an interpretation of the language in James' insurance policy required Sears to provide Nita's children – James' stepchildren – a portion of the insurance proceeds.

Therefore, the Court finds that plaintiff's Complaint should be dismissed.

B.  Joining Additional Plaintiffs

Sears contends that plaintiff is required to join Chyrel Grantham and the estate of Jeanetta Scroggins pursuant to Federal Rule of Civil Procedure 19. However, in light of the Court's decision to dismiss this matter, the Court finds that joinder of Chyrel Grantham and the estate of Jeanetta Scroggins would be moot.

III.  Conclusion

Accordingly, the Court GRANTS defendant's Motion to Dismiss and/or Stay Plaintiff's Amended Complaint [docket no. 11] and DISMISSES plaintiff's claims against Sears. In light of the Court's decision to dismiss this matter, the Court finds that defendant's motion to stay plaintiff's Amended Complaint is MOOT.

**IT IS SO ORDERED this 16th day of September, 2011.**

/s/ Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Dictionaries commonly define stepchild as "a spouse's child by a previous marriage." *E.g.,* THE AMERICAN HERITAGE COLLEGE DICTIONARY 1331 (3d ed. 1992).